IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE CAESAR,<br><br>                Petitioner,<br><br>    v.<br><br>JOE McGRATH, Warden,<br><br>                Respondent. | No. C 02-5449 SBA (pr)<br><br>**ORDER GRANTING<br>RESPONDENT'S MOTION<br>TO DISMISS PETITION AS<br>UNTIMELY**<br><br>(Docket No. 19) |

Respondent moves to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Petitioner opposes the motion. Respondent filed a reply to Petitioner's opposition.

## BACKGROUND

Petitioner Danny Lee Caesar, a State prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 1, 1998, he was convicted of two counts of assault with force likely to cause great bodily injury, one count of battery causing serious injury, and one count of misdemeanor battery. It was found that his two previous convictions of residential burglaries were prior strikes under California's Three Strikes law, and that he had two prior prison terms. He was sentenced on August 14, 1998 to twenty-seven years to life in prison.

Appointed counsel filed a direct appeal on August 19, 1998 in the California Court of Appeal (Case No. H019011) in which he asserted a single claim that the trial court abused its discretion in failing to strike one of his prior strikes. Petitioner alleges that he urged his appointed appellate counsel to raise additional claims on appeal, but the attorney refused. On March 25, 1999, Petitioner also filed a motion seeking substitute appellate counsel in the California Court of Appeal.[1] He specifically requested a hearing pursuant to People v. Marsden,

---

[1] Petitioner also filed a "Petition for Writ of Habeas Corpus" on March 15, 1999 in the California Supreme Court seeking substitution of appellate counsel (Case No. S077369), which was denied on June 30, 1999.

2 Cal. 3d 118 (1970). On April 16, 1999, the appellate court took no action and instead sent a letter to Petitioner, explaining that the right to such a hearing applied only to trial court proceedings. See Resp't Ex. C (Pet. filed on Aug. 23, 1999 in Cal. App. Ct., Ex. J). The appellate court informed Petitioner that it would send a copy of his motion seeking substitute appellate counsel to the Sixth District Appellate Program to see if they could address his concerns. Id. In May 1999, Petitioner's appointed counsel sent Petitioner a letter explaining his rights to seek collateral review. See id. (Pet. filed on Aug. 23, 1999 in Cal. App. Ct., Ex. I).

On August 23, 1999, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal (Case No. H020401, Resp't Ex. C). The appellate court denied his petition on September 1, 1999.[2]

On April 20, 2000, Petitioner's conviction was affirmed by the California Court of Appeal. Petitioner did not file a petition for review with the California Supreme Court.

On September 11, 2000, Petitioner filed his first petition for a writ of habeas corpus in

---

[2] Petitioner also filed numerous petitions for a writ of mandamus in both the state appellate court and the state supreme court:

On May 20, 1998, Petitioner filed a "Petition for Writ of Mandate" in the California Court of Appeal (Case No. H018557). On May 22, 1998, the California Court of Appeal denied the petition.

On October 12, 1999, Petitioner filed a "Petition for Writ of Mandate" in the California Supreme Court (Case No. S082779). On October 19, 1999, the California Supreme Court transferred Case No. S082779 to the California Court of Appeal for consideration in light of Hagan v. Superior Court, 57 Cal. 2d 767 (1962). On October 25, 1999, the California Court of Appeal received the petition for a writ of mandamus that was transferred from the California Supreme Court (Case No. H020643). The Court of Appeal denied the petition on November 1, 1999.

On October 13, 1999, Petitioner filed a "Petition for Writ of Mandate" in the California Supreme Court (Case No. S082820). On December 1, 1999, the California Supreme Court denied the petition.

On June 7, 2000, Petitioner filed a "Petition of Writ of Mandate" in the California Supreme Court (Case No. S088946). On June 12, 2000, the California Supreme Court transferred Case No. S088946 to the California Court of Appeal. On June 20, 2000, the California Court of Appeal received the petition for a writ of mandamus that was transferred from the California Supreme Court (Case No. H021649). The Court of Appeal denied the petition on August 14, 2000. In that same order, the appellate court also denied Petitioner's motion for appointment of investigative services.

this Court.  See Caesar v. McGrath, Case No. C 00-3721 SBA (PR).[3]

      While his federal petition was pending, Petitioner challenged his conviction by filing state habeas petitions in the state superior court (Case No. 201282, Resp't Ex. D) on December 14, 2001, in the state appellate court (Case No. H024172) on February 27, 2002, and in the state supreme court (Case No. S105866, Resp't Ex. E) on April 15, 2002.  His last state habeas petition was denied by the California Supreme Court on October 23, 2002.  See Resp't Ex. F.

      The instant federal petition was received by the Court and filed on November 18, 2002.[4] The Court dismissed the petition with leave to amend on January 23, 2003.  The Court found some of Petitioner's claims to be cognizable claims for relief, but dismissed his remaining claims. Petitioner was given thirty days to file a supplement to his petition reasserting any of his dismissed claims.  Petitioner filed a "Supplement to Petition" on February 26, 2003.  On November 18, 2005, the Court entered an order to show cause why the petition should not be granted as to the claims the Court had previously found to be cognizable.  On December 6, 2005, the Court issued an order for partial dismissal of the claims the Court had previously dismissed.

      Respondent filed a motion to dismiss on grounds of untimeliness on December 21, 2005 (docket no. 19).  Petitioner filed an opposition (docket no. 20), and Respondent filed a reply to Petitioner's opposition (docket no. 21).

//

---

[3] In its initial order, the Court reviewed the petition and dismissed the claims that failed to assert cognizable federal grounds for relief.  The Court granted Petitioner thirty days to amend his petition.  Petitioner filed his amended petition on May 1, 2002.  On May 7, 2002, the Court dismissed the entire action because it appeared to be completely unexhausted.  See Order dated May 7, 2002 in Case No. C 00-3271 SBA (pr) at 3.

[4] The Court notes that Petitioner did not indicate the exact date that he signed the petition. Had Petitioner indicated the date he signed the petition, the Court could have assumed that he delivered the petition to prison authorities for mailing on that date.  The petition could have been deemed filed on that date.  Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 122 S. Ct. 2134 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  Therefore, the Court considers the filing date of his petition to be the date his petition was received by the Court, which is November 18, 2002.

**DISCUSSION**

The AEDPA became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state appellate court or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a). Because Petitioner did not file a petition for review with the California Supreme Court, the one-year limitation period began to run against Petitioner on May 30, 2000, forty days

after April 20, 2000, the date the California Court of Appeal affirmed the trial court's opinion. See id. Petitioner had until May 30, 2001 to file the instant petition. See 28 U.S.C. § 2244(d). Therefore, the instant petition filed on November 18, 2002 -- more than one year after the limitation period had expired -- is untimely absent tolling.

I.     **Statutory Tolling**

The petition may nonetheless be timely if the limitation period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. As noted earlier, AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). In Carey v. Saffold, 122 S. Ct. 2134, 2138 (2002), the Supreme Court held that the limitation period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitation period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 2139-41.

   A.    **Statutory Tolling Under Section 2244(d)(2)**

Petitioner filed his first state habeas petition in the state superior court on December 14, 2001, however, he is not entitled to tolling under Section 2244(d)(2) because the limitation period had already run on May 30, 2001.[5]

---

[5] Petitioner has also filed state habeas petitions along with numerous petitions for writ of mandamus in state courts, most of which were filed before his judgment became final on May 30, 2000. These state petitions do not toll the statute of limitations because the limitation period had not yet commenced.

Petitioner filed his last "Petition for Writ of Mandate" in the California Supreme Court (Case No. S088946) on June 7, 2000, which was after his judgment became final. On June 12, 2000, the California Supreme Court transferred the petition to the California Court of Appeal. Petitioner does not currently claim that the limitations period should have been tolled while this petition was pending. Petitioner has previously alleged that this petition requested appointment of an investigator

A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitation period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitation period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitation period is expired, collateral petitions can no longer serve to avoid the statute of limitation." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, the state petition filed on December 14, 2001 does not revive the limitation period that has already run. Therefore, the instant petition is untimely because statutory tolling does not apply.

**B.      Instant Petition Relates Back to Filing Date of Previous Federal Petition**

Petitioner argues that he is entitled to statutory tolling because his second habeas petition should relate back to his first habeas petition filed on September 11, 2000. (Opp'n at 2.) He argues that the limitation period should have been tolled for the time during which his first federal habeas petition was pending. (Id.)

The period when a federal petition is pending, however, is not subject to statutory tolling under § 2244(d)(2). Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (holding that a federal petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Furthermore, a federal petition does not relate back to the filing date

---

to gather evidence to establish his equal protection challenge to the jury pool, and that it eventually was denied in the California Court of Appeal (Case No. H021649). See Order dated March 29, 2002 in Case No. 00-3271 SBA (pr) at 3. Because Petitioner fails to allege that statutory tolling should apply or even that his "Petition for Writ of Mandate" is an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), the Court will not consider whether the time period during which this petition was pending tolls the limitation period.

of a prior federal petition that had been properly dismissed for failure to exhaust state remedies. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) ("A second habeas petition does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies."); Van Tran v. Lindsey, 212 F.3d 1143, 1148 (9th Cir. 2000); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999). Therefore, Petitioner is not entitled to statutory tolling under this theory.

Absent some grounds for equitable tolling, the limitation period expired on May 30, 2001, and the instant petition was untimely filed.

## II.     Equitable Tolling

The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitation and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitation may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). Petitioner claims that he suffers from "disabled mobility" due to "frostbites [sic] residuals" on his feet. (Opp'n at 4.) He also claims that he "cannot walk for a continuous 30 feet without enduring excruciating pain, let alone the required 5 to 600 yards to the library." (Id. at 5.) He alleges that "[a]t present, Petitioner have [sic] no access [to the law library] because [the prison's] medical [staff] continue[s] to deny Petitioner the aid of a cane or wheelchair." (Id.) Finally, he alleges that the prison guards threw all his past

7

court records in the garbage, which is the basis of a civil rights suit against those prison guards. See Case No. 05-1098 SBA (pr). Based on the aforementioned arguments, Petitioner argues that such "extraordinary circumstances" entitle him to equitable tolling.

Petitioner has not demonstrated that he is entitled to equitable tolling. It cannot be said that the alleged problems Petitioner allegedly encountered in accessing the law library and his court records "were the cause of his untimeliness." Spitsyn, 345 F.3d at 799. Nor has Petitioner demonstrated that he faced "extraordinary circumstances" while he was allegedly suffering from his alleged limitations.

The Court finds that Petitioner did not allege individual facts warranting equitable tolling on the aforementioned grounds. As an initial matter, Petitioner has failed to provide any documentation of his medical problems. Petitioner merely complains that his medical problems limited his access to the law library, but he fails to show that these same medical problems rendered him unable to pursue his legal rights. Because all issues must first be exhausted in state court before they are raised in a federal petition, preparing a federal petition should not require much, if any, access to the law library for additional research. Moreover, access to personal property and legal materials is often necessarily restricted in prison. In any event, and conclusively, the Court notes that Petitioner's alleged medical problems did not prevent him from filing numerous petitions in state court -- including a previous petition in federal court -- from 1998 to 2002. In short, Petitioner has failed to establish that his alleged limitations made it impossible for him to file the instant federal petition on time, therefore, he is not entitled to equitable tolling on this theory.

Petitioner has not met his burden of showing that his alleged limitations constituted extraordinary circumstances that made it impossible for him to file a federal petition on time. See Miranda, 292 F.3d at 1068. While Petitioner asserts that (1) his medical problems limited his access to the law library and (2) that his problems with prison guards disposing of court records limited his access to his legal materials, he fails to show how these limitations prevented him from timely filing his federal petition. Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-70

(S.D.N.Y. 2000) (prisoner must show that medical/mental problems rendered him unable to pursue his legal rights during relevant time period).

After spending his time filing various petitions in state and federal court, Petitioner waited until after his one-year limitation period had expired before he began to use the correct avenue to exhaust his state court remedies by filing a state habeas petition in state superior court on December 14, 2001.[6] Unfortunately for Petitioner, it was his delay in pursuing his state court remedies, rather than any extraordinary circumstances, that led him to exceed the limitation period. Petitioner is not entitled to equitable tolling because he has not shown "that this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065.

Accordingly, Petitioner is not entitled to either statutory or equitable tolling, and his petition is therefore untimely.

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 19) is GRANTED. The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: February 9, 2006

SAUNDRA B. ARMSTRONG
United States District Judge

---

[6] Petitioner filed several petitions in both state and federal court which were well within the limitation period, but none of these petitions allowed him to benefit from statutory tolling. See supra Part I.A-B and note 5. The filing of these petitions indicate that Petitioner initially lacked the understanding of what he needed to accomplish in order to exhaust his state court remedies and file his federal petition within the limitation period. However, the Court finds that Petitioner's pro se status and ignorance of the law are not extraordinary circumstances warranting equitable tolling either. See Felder v. Johnson, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period) (citing cases); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling).